IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tony Curtis Gilmore,<br><br>                Plaintiff,<br><br>   vs.<br><br>Carolyn W. Colvin,<br>Commissioner of Social Security,[1]<br><br>                Defendant. | Civil Action No. 6:13-1443-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

      This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

      The plaintiff brought this action pursuant to Sections 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act.

      The plaintiff filed his first application for disability insurance benefits on August 11, 2006, alleging disability beginning September 13, 2005. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff and an impartial vocational expert appeared on December 5, 2008, considered the case *de novo* and on May 5, 2009, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. On March 3, 2011, the Appeals Council remanded the case to the ALJ. On August 8, 2011, the plaintiff and another impartial vocational expert attended

---

  [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

  [2] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

a second hearing held before the same ALJ. On October 26, 2011, the ALJ issued a partially favorable decision, finding the plaintiff disabled under sections 216(i) and 223(d) of the Social Security Act beginning on August 1, 2009 (Tr. 141). On April 10, 2012, the Appeals Council again remanded the case and directed it be assigned to a different ALJ.

On October 2, 2012, the plaintiff appeared at a third hearing before a different ALJ. An impartial vocational expert also appeared at the hearing. The plaintiff appeared without the assistance of an attorney. On December 14, 2012, the ALJ issued a partially favorable decision finding the plaintiff disabled under sections 216(i) and 223(d) beginning on December 3, 2008 (Tr. 17). The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied review on March 29, 2013.

The plaintiff filed this action for judicial review on May 29, 2013. On January 24, 2014, the plaintiff filed a brief in support of his case. On April 9, 2014, the Commissioner filed a motion to remand (doc. 37) pursuant to sentence four of 42 U.S.C. § 405(g), which provides that the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner states in the motion for remand that further administrative action is warranted in this case. The Commissioner states that, if the court grants the motion, the agency's Appeals Council will remand the case to an ALJ with instructions to do the following:

> – give the plaintiff an opportunity for a hearing and further evaluate the plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to the evaluation of symptoms (20 C.F.R. § 404.1529 and SSR 96-7p);
>
> – give further consideration to the treating source opinions pursuant to the provisions of 20 C.F.R. § 404.1527 and SSRs

> 96-2p and 96-5p, and explain the weight given to such opinion evidence; and,
>
> – obtain evidence from a medical expert to clarify the date of onset (20 C.F.R. § 404.1527(e) and SSR 83-20).

(Doc. 37-1, pp. 1-2).

As noted above, the ALJ found the plaintiff was disabled as of December 3, 2008, but not before (Tr. 9-17). In agreeing to voluntary remand, the Commissioner states that, "with regard to the favorable part of the decision, the Appeals Council will neither affirm nor reopen it" (doc. 37-1, p. 2). The Commissioner has given no reason for disturbing the ALJ's favorable findings.

The plaintiff filed a response in opposition (doc. 40) to the Commissioner's motion for remand on April 28, 2014. Although the plaintiff agrees that the court should remand the case for further proceedings, he objects to the scope of the proceedings on remand including redetermination of issues decided in his favor. He notes that he has already received two favorable decisions subsequent to remands by the Appeals Council. The plaintiff argues that he should not have to put at risk what he has fought so hard to win to simply have a fair hearing on his right to benefits to which the Commissioner agrees he is entitled. He further argues that, given the previous multiple favorable decisions, the current period of disability is well established, and the issue on remand should be the earlier period of disability as no attempt to disturb the plaintiff's current disability determination would be substantially supported by the record (doc. 40, p. 2).

On May 8, 2014, the Commissioner filed a reply to the plaintiff's response (doc. 41). In the reply, the Commissioner reiterates that when a court remands a case and the Appeal Council remands the case to an ALJ for further proceedings and a new decision, the Appeals Council will generally vacate the final decision of the Commissioner that the court remanded, and the ALJ must consider all pertinent issues *de novo* (*id.* p. 2 (citing Hearings, Appeals and Litigation Law manual ("HALLEX") § I-2-8-18)).

The undersigned agrees with the plaintiff that the scope of review upon remand should be limited to the period from September 13, 2005, the plaintiff's alleged onset date, until December 2, 2008, the day prior to the date on which the ALJ found the plaintiff to be disabled. For the foregoing reasons, it is recommended that the district court affirm the Commissioner's decision finding that the plaintiff is disabled beginning December 3, 2008. It is further recommended that the district court grant the Commissioner's motion to remand (doc. 37) in part, that the Commissioner's decision finding that the plaintiff is not disabled prior to December 3, 2008, be reversed, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

May 12, 2014
Greenville, South Carolina